2023–2007, 2023–2095

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 2023–2007

MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC, STATE OF IDAHO,

*Plaintiffs-Appellees*

v.

LONGHORN IP LLC,

*Defendant-Appellant*

Appeal from the United States District Court for the District of Idaho in No. 1:22-cv-00273, Judge David C. Nye

No. 2023–2095

KATANA SILICON TECHNOLOGIES LLC,

*Plaintiff-Appellant*

v.

MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC, STATE OF IDAHO,

*Defendants-Appellees*

Appeal from the United States District Court for the District of Idaho in No. 1:22-cv-00282, Judge David C. Nye

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Amanda Tessar
PERKINS COIE LLP
1900 Sixteenth Street
Denver, Colorado 80202
(303) 291–2357
ATessar@perkinscoie.com

Andrew T. Dufresne
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, Wisconsin 53703
(608) 663–7492
ADufresne@perkinscoie.com

Jonathan I. Tietz
PERKINS COIE LLP
700 Thirteenth Street N.W., Suite 800
Washington, D.C. 20005
(202) 654–6200
JTietz@perkinscoie.com

Counsel for Appellees Micron Technology, Inc.,
Micron Semiconductor Products, Inc., and Micron Technology Texas LLC

August 14, 2023

TABLE OF CONTENTS

Table of Authorities ....................................................................................... ii

Table of Abbreviations and Conventions....................................................... iv

Introduction ..................................................................................................... 1

Argument......................................................................................................... 2

    I.    The Bond Order Does Not Fit Section 1292(a)(1)'s Limited
Exception To The Final-Judgment Rule .....................................................2

        A.    Longhorn Fails The *Carson* Test ........................................................2

        B.    Longhorn's Remaining Arguments Are Meritless.............................5

    II.    The Collateral Order Doctrine Does Not Apply .........................................6

        A.    Longhorn Has Not Satisfied The Governing Standard.......................6

        B.    Longhorn Does Not Otherwise Identify Any Basis For
Collateral Order Review....................................................................8

    III.    Longhorn Has Not Requested Mandamus Relief, And Its Assertions
Here Would Preclude Granting the Writ.....................................................9

    IV.    Longhorn's Merits Arguments Are Incorrect, And They Are
Irrelevant To Establishing Jurisdiction For This Interlocutory
Appeal.........................................................................................................10

Conclusion....................................................................................................12

Certificate of Compliance

Certificate of Authority

TABLE OF AUTHORITIES

n/a

**CASES** **PAGES**

*Abbott v. Perez*,
 138 S. Ct. 2305 (2018) ..................................................................................... 2, 3

*Am. Target Advert., Inc. v. Giani*,
 199 F.3d 1241 (10th Cir. 2000) ............................................................................ 5

*Azizian v. Federated Dep't Stores, Inc.*,
 499 F.3d 950 (9th Cir. 2007) ................................................................................ 5

*Buchanan v. Sullivan*,
 No. 20-cv-301, 2021 WL 149052 (D. Neb. Jan. 15, 2021) ................................... 5

*Carson v. Am. Brands, Inc.*,
 450 U.S. 79 (1981) ................................................................................. 2, 3, 4, 5

*Cheney v. U.S. Dist. Ct. for D.C.*,
 542 U.S. 367 (2004) ........................................................................................... 10

*Cohen v. Beneficial Indus. Loan Corp.*,
 337 U.S. 541 (1949) ............................................................................................. 8

*Cunningham v. Hamilton Cnty.*,
 527 U.S. 198 (1999) ............................................................................................. 7

*Donlon Indus., Inc. v. Forte*,
 402 F.2d 935 (2d Cir. 1968) ................................................................................. 8

*Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*,
 362 F.3d 1367 (Fed. Cir. 2004) ............................................................................ 6

*In re United States*,
 541 F.2d 463 (4th Cir. 1976) ................................................................................ 8

*Mitchell v. Forsyth*,
 472 U.S. 511 (1985) ............................................................................................. 7

*Richardson-Merrell, Inc. v. Koller*,
 472 U.S. 424 (1985) ............................................................................................. 6

*Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*,
 339 U.S. 684 (1950) ............................................................................................. 8

*Tenneco Resins, Inc. v. Reeves Bros., Inc.*,
　736 F.2d 1508 (Fed. Cir. 1984) ....................................................................9

*Woodard v. Sage Prods., Inc.*,
　818 F.2d 841 (Fed. Cir. 1987) (en banc) ......................................................2

| **STATUTES** | **PAGES** |
|---|---|
| 28 U.S.C. § 1253 | 3 |
| 28 U.S.C. § 1292 | 3 |
| 28 U.S.C. § 1292(a)(1) | 2, 3, 6 |
| Ga. Code Ann. § 10-1-770(3) | 11 |
| Ga. Code Ann. § 10-1-771(b)(6) | 11 |
| Idaho Code § 48-1707 | 6 |
| Md. Code Ann., Com. Law § 11-1601 | 11 |
| Me. Rev. Stat. tit. 14, § 8701(1) | 11 |
| N.C. Gen. Stat. Ann. § 75-142 | 11 |
| N.C. Gen. Stat. Ann. § 75-153(a)(60 | 11 |
| N.D. Cent. Code Ann. § 51-36-01 | 11 |
| N.D. Cent. Code Ann. § 51-36-03(6) | 11 |
| N.H. Rev. Stat. Ann. § 369-M:1 | 11 |
| N.H. Rev. Stat. Ann. § 359-M:2-II(f) | 11 |
| S.D. Codified Laws § 37-36-1 | 11 |
| S.D. Codified Laws § 37-36-3(6) | 11 |
| Vt. Stat. Ann. tit. 9, § 4196 | 11 |
| Vt. Stat. Ann. tit. 9, § 4197(b)(6) | 11 |

# TABLE OF ABBREVIATIONS AND CONVENTIONS

| | |
|---|---|
| Add___ | addendum page ___ from Micron's motion to dismiss |
| IPR | *inter partes* review |
| Micron | Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC (collectively) |
| Mot__ | page __ of Micron's motion to dismiss |
| Opp__ | page __ of Longhorn's opposition brief |
| Order | the district court's memorandum decision and order denying Longhorn's motion to dismiss and granting Micron's motion for bond |
| Longhorn | Longhorn IP LLC and Katana Silicon Technologies LLC (collectively) |

INTRODUCTION

Longhorn and Katana (collectively, "Longhorn") spend much of their response disputing the validity of Idaho's law and the soundness of the district court's interlocutory order granting a bond and denying their motions to dismiss (the "Order"). Their arguments are not only incorrect—they are premature. They go to the merits of issues that are still pending before the district court, should be decided there first, and can then be reviewed in the ordinary course through the standard appellate process.

The sole issue presented here is this Court's jurisdiction to consider Longhorn's merits arguments now, far in advance of any final judgment. The law makes clear that now is not the time to address, much less answer, questions of preemption or sufficiency of evidence. As to the only issue here—jurisdiction—Longhorn's response fails. First, it does not even attempt to establish that relief would be unavailable after a final judgment, which is a necessary precondition to support jurisdiction over this interlocutory appeal. Second, despite numerous complaints about the bond amount, Longhorn never professes to be unable to post that refundable security and litigate the claims pending before the district court, nor does Longhorn otherwise explain how it would suffer any kind of harm without an immediate appeal. Those failings alone foreclose appellate review at this stage. Longhorn also fails to apply

the correct legal standard for either of its proposed jurisdictional hooks. This Court should dismiss Longhorn's appeal.

## ARGUMENT

### I. The Bond Order Does Not Fit Section 1292(a)(1)'s Limited Exception To The Final-Judgment Rule

#### A. Longhorn Fails The *Carson* Test

The relevant question under Section 1292(a)(1) is whether the Order qualifies as an order "granting, continuing, modifying, refusing or dissolving" an injunction. It does not. Through Section 1292(a)(1), Congress "carve[d] out only a limited exception to the final-judgment rule" for injunctions, and the Supreme Court has likewise "construed the statute narrowly." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981). Longhorn attempts to shoehorn the bond order here into that exception through the "practical effect" test, Opp12, but those arguments fall flat.

Longhorn never applies the established factors underlying the "practical effect" standard. To be immediately appealable under Section 1292(a)(1), an interlocutory order must not only (1) have the "practical effect" of refusing or granting an injunction, but also (2) cause a "serious, perhaps irreparable, consequence" and (3) be "'effectually challenged' only by immediate appeal." *Carson*, 450 U.S. at 84-85 (citations omitted); *Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 849 (Fed. Cir. 1987) (en banc); Mot17-18. Longhorn does not even try to meet these requirements. Instead, it cites an isolated passage from *Abbott v. Perez* to suggest that the first

factor alone controls. *See* Opp12 (quoting 138 S. Ct. 2305, 2319 (2018)). But *Abbott* did not overrule *Carson*'s longstanding test. Rather, it reaffirmed *Carson* and extended it from Section 1292(a)(1) to Section 1253. *Abbott*, 138 S. Ct. at 2319-20.

Unsurprisingly, Longhorn's substantive showing falls short on each part of the *Carson* test. Longhorn entirely neglects the third factor—whether the Order can be effectually challenged *only* through *immediate* appeal. *See* Opp12-17. As explained in Micron's motion, the bad faith claims underlying the Order remain pending, and Longhorn can challenge and obtain relief from that Order by prevailing on Micron's claims before the district court or by litigating them to an appealable final judgment and challenging the bond on appeal. Mot20. Longhorn has no answer. That alone forecloses interlocutory review, and this Court need not proceed further.

Longhorn fares no better with the second factor, which asks whether it faces serious or irreparable consequences absent immediate appeal. Longhorn alludes to an "unacceptable risk of irreparable harm," Opp13, but never explains what that harm is. At most, it suggests that a "grave risk of irreparable harm" lies in Katana *choosing* to give up its infringement case—in Longhorn's words, the risk is that Katana will "fold up its tent and go home" rather than proceed with litigating Micron's affirmative case. Opp15-16. But Longhorn has not said it cannot post the

bond,[1] and if it prevails on Micron's bad faith assertion claim, it might never have to post security in the first place or would at worst recoup any amount paid. It appears that Longhorn would simply prefer a different order of operations, but that is not irreparable harm. Moreover, any delay in litigating its infringement claims is far from irreparable: all three of the asserted patents are expired, so Longhorn can at most seek monetary damages for alleged past infringement.

Finally, Longhorn fails to show that the Order was injunctive under *Carson*'s first factor. Longhorn argues it has been "effectively enjoined" from enforcing the asserted patents, Opp12, but that is mistaken. The infringement case has not been dismissed and remains pending—and since the Order issued, Longhorn has asked the district court to stay those claims along with the rest of the case. Mot19.[2] Rather than an injunction, the Order more closely resembles a stay of the infringement claims until a bond is paid or the bad faith claims are resolved. In other words, the Order simply reorders this litigation, and Micron cited authority holding that bond

---

[1] Even if Longhorn could not post the bond (which it carefully avoids saying), that would be a direct consequence of an undercapitalized structure that is designed and intended to avoid liability—which is exactly why the bond is needed (*i.e.*, so that there will be money to pay any judgment in Micron's favor).

[2] Longhorn asserts that Micron "misleads by claiming 'Longhorn/Katana have also now asked the court for an affirmative stay of their infringement case.'" Opp16 n.6 (emphasis omitted). But Longhorn's motion confirmed that "Katana seeks to stay the *entire* Katana case." Motion to Stay, No. 22-cv-00282-DCN (D. Idaho June 30, 2023), ECF No. 69-1 at 13 (emphasis in original).

orders, case management orders, and stays are not injunctive under *Carson*. Mot17-18. Longhorn offers no response to Micron's argument or cited authorities beyond a bare assertion that "[t]his is not merely a stay or case management order" and an unexplained suggestion that the Order is injunctive because it has "no stated end." Opp13. By that logic, innumerable stay orders of flexible duration would become immediately appealable.

## B. Longhorn's Remaining Arguments Are Meritless

Longhorn calls the bond "chilling" and "punitive." Opp13-17. But those arguments are untethered to any standard for establishing early appellate jurisdiction. None of the decisions Longhorn cites addressed appellate jurisdiction or even involved an interlocutory appeal. *See Am. Target Advert., Inc. v. Giani*, 199 F.3d 1241, 1246 (10th Cir. 2000) (appeal from summary judgment); *Buchanan v. Sullivan*, No. 20-cv-301, 2021 WL 149052 (D. Neb. Jan. 15, 2021) (district court order); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 954 (9th Cir. 2007) (appeal following final approval of class action settlement). Longhorn never explains how those assertions—were they to be established here—could support interlocutory review.

Longhorn's arguments about purported "chilling" effects on good-faith patent litigation, Opp15, are unfounded and inapposite. The argument itself is implausible: Idaho's bond provision requires a judicial determination that there is a "reasonable

– 5 –

likelihood" of establishing a bad faith assertion, Idaho Code § 48-1707, including both objective baselessness and subjective bad faith, Add12 (applying *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1375-77 (Fed. Cir. 2004)). The argument is also irrelevant here: Longhorn maintains that the bond statute "is being used substantively to discourage" patent assertions in general. Opp15. But the standard for interlocutory review under Section 1292(a)(1) considers harm to the prospective appellant, not potential harm to third parties. And Longhorn was not discouraged—it filed and still maintains the infringement suit here.

## II. The Collateral Order Doctrine Does Not Apply

### A. Longhorn Has Not Satisfied The Governing Standard

The collateral order doctrine requires (1) a conclusive determination, (2) complete separation from the merits, and (3) effective unreviewability on appeal after final judgment. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985). The doctrine also requires a right that would otherwise "be irretrievably lost." *Id.* Longhorn does not address, and cannot meet, that exacting standard.

Longhorn hardly mentions factors one and three. It does not argue that the bond order is conclusive; it argues that the bond statute "conclusively erects a massive barrier to enforcing federal rights" for the "vast majority of patent owners." Opp20. That amorphous contention has nothing to do with whether the *specific order* at issue here is final and conclusive as required under the collateral order

doctrine. *See* Mot. 13-14. Regarding reviewability after final judgment, Mot15-16, Longhorn offers only that Micron "ignores the import of a punitive bond." Opp20. Its one other reference to punitive effects under the collateral order doctrine implies that some "irreparable damage" could occur before final judgment, *see* Opp19, but it never identifies or explains any barrier to effective, eventual reviewability.

Longhorn also cannot demonstrate detachment from the merits. *See* Opp18. Both the bond motion and the ultimate merits of Micron's state law claims depend on questions of bad faith and Longhorn's attacks on the statute itself. The analyses at both stages are wholly intertwined. *See* Add6-18; *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 205-06 (1999) (interlocutory sanctions order not "completely divorced from" merits). Longhorn's analogy to the immunity issue in *Mitchell v. Forsyth* makes little sense because such appeals concern the right to avoid being "forced to litigate" a particular claim *at all*, regardless of its substantive merit. 472 U.S. 511, 527-28 (1985). The Order here presents no such conceptual distinction from the underlying merits.

Finally, Longhorn identifies no right that will be irretrievably lost. It suggests somehow being "forced into an adverse settlement or bankruptcy," Opp19, but a settlement would be voluntary and such passing reference to bankruptcy is speculative at best. If Longhorn has a valid infringement claim, no security will be lost, and Longhorn will receive any damages it is due.

### B. Longhorn Does Not Otherwise Identify Any Basis For Collateral Order Review

Longhorn repeatedly insists that *Cohen* dictates the outcome here. *E.g.*, Opp10, Opp17-18. But *Cohen* did not make orders *granting* a bond reviewable—it involved the *denial* of a bond, and the Supreme Court permitted interlocutory review because any right to security otherwise would have been lost. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Not long after *Cohen*, the Court explained that the "situation is quite different where an attachment is *upheld*" because "the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 689 (1950) (emphasis added). The point of *Cohen* was not to create a per se reviewability doctrine for bond requests—it was to establish the three-factor test for collateral order review that Micron applied and that Longhorn neglected. *See* 337 U.S. at 546; Mot13.

Longhorn is also wrong that simply questioning a district court's "power" necessarily creates interlocutory jurisdiction. Opp10, Opp18-19. No such exception exists to the three-part collateral order test. Longhorn cites only an analysis-free conclusion from a two-page per curiam decision, *In re United States*, 541 F.2d 463, 464 (4th Cir. 1976), and dicta from another case that *dismissed* an interlocutory appeal from *denial* of a security request, *Donlon Indus., Inc. v. Forte*, 402 F.2d 935, 936-37 (2d Cir. 1968), neither of which supports Longhorn's argument. The district

court's power to enforce Idaho's statute is surely reviewable after Micron's state law claims reach final judgment.

Longhorn further insists that a "serious and unsettled question" about the *right* to a bond rather than the bond *amount* warrants immediate appeal. Opp19 & n.7. But courts need not ponder whether the putative appeal poses a "serious and unsettled question" unless the appellant first satisfies the three-part collateral order test. *Tenneco Resins, Inc. v. Reeves Bros., Inc.*, 736 F.2d 1508, 1510 (Fed. Cir. 1984). And Longhorn's arguments *are* centered on the bond's amount. *E.g.*, Opp1, Opp12, Opp16, Opp20-21 (emphasizing amount); Opp19-20 ("massive"); Opp13 ("prohibitive magnitude").

Finally, Longhorn suggests that interlocutory appeals are appropriate where a bond is "higher than necessary and beyond the plaintiff's financial capacity." Opp19 n.7. But Longhorn cites no binding precedent from this Court, nor does Longhorn contend that the bond is beyond its financial capacity.

### III. Longhorn Has Not Requested Mandamus Relief, And Its Assertions Here Would Preclude Granting the Writ

Longhorn does not request mandamus relief. Its opposition contains only a passing suggestion that it *may* seek mandamus at some unspecified later time *if* the Court dismissed this unfounded interlocutory appeal. Opp21. That cannot be taken as a current mandamus request; it is nothing more than an impermissible attempt to obtain a second bite at the apple.

Regardless, Longhorn could not meet the standard for mandamus. First, it asserts that the district court's power to issue a bond is an unsettled question of first impression. Opp19. But mandamus requires a "clear and indisputable" legal right. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (citation omitted). Second, mandamus requires that there be "no other adequate means" for obtaining relief other than immediate review. *Id.* Longhorn, however, failed to show that it cannot obtain relief on appeal from a final judgment or by prevailing against Micron's claim on the merits.

## IV. Longhorn's Merits Arguments Are Incorrect, And They Are Irrelevant To Establishing Jurisdiction For This Interlocutory Appeal

Longhorn devotes much of its brief to disputing the viability of Micron's claims and the soundness of the Idaho statute itself. Micron disagrees with those arguments. The district court did too—at length and in detail after receiving extensive evidence from Micron demonstrating bad faith.[3] Longhorn also misrepresents Idaho's statute as an extreme "outlier" among the dozens of other similar state laws, including because Idaho is supposedly the only state that permits a bad faith claim to be based on the filing of a complaint. Opp4-5, Opp14; *but see* Add9 (noting at

---

[3] Longhorn states that the amount of the bond was based on "no evidence whatsoever," Opp1 (emphasis omitted), but this is false. *See* No. 22-cv-00273-DCN (D. Idaho), ECF No. 15-1 ¶ 18 (Micron declaration regarding fees), ECF Nos. 15-37 to -38 (evidence regarding fees); ECF No. 15 at 20 (motion discussing evidence).

least 33 states with similar laws). But that, too, is exaggerated. Many states permit exactly this,[4] and the parties presented argument below regarding the constitutionality of that approach—including how the objective and subjective bad faith regime of the Idaho statute aligns with the requirements of the *Noerr-Pennington* doctrine. The district court weighed these merits arguments in reaching its decision on preemption. Add6-19.

In any event, the time to address the substantive merits of the Idaho statute, and Micron's claims under that statute, will come later. Appellate review properly waits for that day.

---

[4] These include Georgia, Maine, Maryland, New Hampshire, North Carolina, North Dakota, South Dakota, and Vermont, all of which define "demand letter" to include any written communication claiming that the target "has engaged in patent infringement" and "target" to include a person "against whom a lawsuit has been filed alleging patent infringement," and many of which explicitly allow a court to consider whether a "claim" of infringement has merit when evaluating bad faith. *See* Ga. Code Ann. §§ 10-1-770(3), 10-1-771(b)(6); Me. Rev. Stat. tit. 14, § 8701(1); Md. Code Ann., Com. Law § 11-1601; N.H. Rev. Stat. Ann. §§ 359-M:1, 359-M:2-II(f); N.C. Gen. Stat. Ann. §§ 75-142, 75-143(a)(6); N.D. Cent. Code Ann. §§ 51-36-01, 51-36-03(6); S.D. Codified Laws §§ 37-36-1, 37-36-3(6); Vt. Stat. Ann. tit. 9, §§ 4196, 4197(b)(6).

## CONCLUSION

The Court should dismiss Longhorn's premature appeals.

 

Respectfully submitted,

PERKINS COIE LLP

by <u>/s/Amanda Tessar</u>

Amanda Tessar

Counsel for Appellees Micron

# Certificate of Compliance

1.  This brief complies with the type–volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C). The brief contains 2,596 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2).

2.  This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief has been prepared in a proportionally spaced typeface using Microsoft® Word and 14-point Times New Roman type.

Dated: August 14, 2023                    /s/Amanda Tessar
                                                                                               Amanda Tessar

## CERTIFICATE OF AUTHORITY

I certify that I have the authority of my co-counsel Amanda Tessar to file this document with her electronic signature.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated: August 14, 2023                          <u>/s/Andrew T. Dufresne</u>
                                                                         Andrew T. Dufresne