No. 23-2007, No. 23-2095

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC, STATE OF IDAHO,
*Plaintiffs-Appellees*

v.

LONGHORN IP, LLC
*Defendants-Appellants*

Case No. 23-2007: Appeal from the United States District Court for the District of Idaho in No. 1:22-cv-00273-DCN, Judge David C. Nye.

KATANA SILICON TECHNOLOGIES LLC,
*Plaintiff-Appellant*

v.

MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC, STATE OF IDAHO,
*Defendants-Appellees*

Case No. 23-2095: Appeal from the United States District Court for the District of Idaho in No. 1:22-cv-00282-DCN, Judge David C. Nye.

# CORRECTED BRIEF OF ACT | THE APP ASSOCIATION AS AMICI CURIAE IN SUPPORT OF APPELLEES MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC, AND STATE OF IDAHO, AND IN SUPPORT OF AFFIRMANCE

BRIAN SCARPELLI
ACT | THE APP ASSOCIATION
1401 K St NW
Suite 501
Washington, D.C. 20005
(202) 331-2130

*Counsel for Amici Curiae*
May 24, 2024

# CERTIFICATE OF INTEREST

Counsel for *amicus curiae* ACT | The App Association certifies the following:

1. ***Amicus curiae* on whose behalf the brief is filed:** ACT | The App Association.

2. **The names of any real parties in interest:** Not applicable.

3. **Any parent corporation or any publicly held corporation that owns 10% or more of stock in ACT | The App Association:** None.

4. **Every law office and attorney that has appeared, or will appear, on behalf of ACT | The App Association:** None.

5. **The title and number of any case that is pending that will "directly affect or be directly affected by" this Court's decision in the appeal being briefed:** ACT | The App Association defers to the first-hand knowledge of the parties to the appeal on this question.

6. **Any information required under Federal Rule of Appellate Procedure 26.1(b) (organizational victims in criminal cases) or 26.1(c) (debtors or trustees in bankruptcy cases):** None.

Dated: May 24, 2024

/s/ Brian Scarpelli

BRIAN SCARPELLI
ACT | THE APP ASSOCIATION
1401 K St NW
Suite 501
Washington, D.C. 20005
(202) 331-2130

## TABLE OF CONTENTS

**Page**

**CERTIFICATE OF INTEREST ........ i**

**TABLE OF AUTHORITIES ........ iii**

**INTEREST OF AMICUS CURIAE ........ 1**

**SUMMARY OF THE ARGUMENT ........ 2**

**ARGUMENT ........ 3**

**I. IDAHO CODE §48-1703 PROTECTS SMALL BUSINESS INNOVATORS FROM EVIDENCED ABUSE OF THE UNITED STATES PATENT SYSTEM ........ 3**

**II. IDAHO CODE §48-1703 IS NOT FACIALLY PREEMPTED BY U.S. PATENT LAW ........ 5**

**III. IDAHO CODE §48-1703 IS NOT RESTRICTED BY THE FIRST AMENDMENT SINCE IT ONLY TARGETS BAD FAITH PATENT ASSERTIONS. ........ 9**

**CONCLUSION ........ 12**

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Amgen Inc. v. Sandoz Inc.*, 877 F.3d 1315 (Fed. Cir. 2017)....................................6
*BE&K Constr. Co. v. NLRB*, 536 U.S. 516 (2002)..................................................9
*California v. ARC America Corp.*, 490 U.S. 93 (1989)..........................................6
*Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367 (Fed. Cir. 2004)..........................................................................................8, 10
*Golan v. Pingel Enter., Inc.*, 310 F.3d 1360 (Fed. Cir. 2002)................................10
*Graham v. John Deere Co. of Kan. City*, 383 U.S. 1 (1966)....................................3
*In re Nimitz Technologies LLC*, No. 2023-103 (Fed. Cir. Dec. 8, 2022).................3
*Landmark Tech., LLC v. Azure Pharms, Inc.*, No. 18-cv-1568, 2020 WL 1430088 (D. Or. Mar. 24, 2020)..........................................................................9
*Members of City Council. v. Taxpayers for Vincent*, 466 U.S. 789 (1984)............11
*Medtronic Navigation, Inc. v. BrainLAB Medizinische Compersysteme GmbH*, 603 F.3d 943 (Fed. Cir. 2010)......................................................................8
*Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)...........................................6
*NAPCO, Inc. v. Landmark Tech. A, LLC*, 555 F.Supp.3d 189 (M.D.N.C. 2021)..8,9
*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014)........8, 9
*Professional Real Estate Investors, Inc.* v. *Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993)..........................................................................9,10
*Triple7Vaping.com, LLC v. Shipping & Transit LLC*, No. 16-cv-80855, 2017 WL 5239874 (S.D. Fla. Feb. 6, 2017)...............................................................9
*United States v. Hansen*, 599 U.S. 762 (2023)........................................................7
*United States v. Salerno*, 481 U.S. 739 (1987)........................................................7
*Washington v. Landmark Tech. A, LLC*, No. 21-cv-728, 637 F.Supp.3d 1154 (W.D. Wash. Oct. 28, 2022)........................................................................9
*Wyeth v. Levine*, 555 U.S. 555 (2009).....................................................................6
*Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999).............5, 7

**Statutes**

35 U.S.C. § 285.........................................................................................8
35 U.S.C. 271............................................................................................3
Fed. R. Civ. P. 11.....................................................................................7,8
Idaho Code § 48-1701.................................................................................6,7
Idaho Code § 48-1703.........................................................................5,6, 7, 10
Idaho Code § 48-1706...................................................................................8
Idaho Code § 48-1707.................................................................................10
U.S. Const. amend. I...................................................................................9

U.S. CONST. art. 1,§ 8, cl. 8 .......... 3
U.S. Const. art. VI, cl. 2. .......... 5

**Other Authorities**

BlueBr43-44 (citing legal standard) .......... 5

Howard Curtis et al., *Patent Sources And Litigation Target Characteristics*, HighTech-Solutions (Feb. 24, 2023), https://lotnet.com/wp-content/uploads/2023/03/HTS-NPE-Risk-for-Pre-IPO-Companies.pdf .......... 4

Kathi Vidal, Under Secretary of Commerce For Intellectual Property, U.S. Dep't Com., *Statement of Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office Kathi Vidal before the United States House of Representatives,* United States Patent and Trademark Office (Apr. 27, 2023), https://www.uspto.gov/about-us/news-updates/statement-under-secretary-commerce-intellectual-property-and-director-united .......... 4

Mem. and Order 10, May 3, 2023, ECF No. 27. .......... 6

Office of Advocacy, *Small Businesses Generate 44 Percent Of U.S. Economic Activity*, Small Business Administration (Jan. 30, 2019), https://advocacy.sba.gov/2019/01/30/small-businesses-generate-44-percent-of-u-s-economic-activity/ .......... 4,5

Patent Progress's Guide to State Patent Legislation, https://web.archive.org/web/20220126230744/https:/www.patentprogress.org/patent-progress-legislation-guides/patent-progresss-guide-state-patent-legislation/(last visited May 23, 2024) .......... 5

## INTEREST OF AMICI CURIAE[1]

ACT | The App Association ("App Association") is a global policy trade association for the small business technology developer community. Our members are entrepreneurs, innovators, and independent developers within the app ecosystem that engage with verticals across every industry. The value of the ecosystem the App Association represents—which we call the app economy—is approximately $1.8 trillion and is responsible for 6.1 million American jobs, while serving as a key driver of the $8 trillion internet of things (IoT) revolution.[2]

The app ecosystem's success, reliant on continued innovation and investment in connected devices and interfaces, hinges on the sufficiency of key legal frameworks that underlie them. A balanced and well-functioning patent system allows small business innovators to protect their investments in innovation, attract venture capital, and establish and maintain a competitive position in the marketplace. Small business viability is directly correlated to fairness and predictability in the patent system.

---

[1] No party or party's counsel authored this brief in whole or in part. No one, other than amici, their members, and their counsel, contributed money that was intended to fund preparing or submitting the brief. This brief is submitted with a motion for leave to file. All parties have consented to its filing.

[2] ACT | The App Association, State of the App Economy (2022), https://actonline.org/wp-content/uploads/APP-Economy-Report-FINAL.pdf.

## SUMMARY OF ARGUMENT

Small businesses who innovate across consumer and enterprise markets rely on a predictable and fair legal environment to support their research and development, and business planning, activities. Far too often, these small business innovators are targets for entities that use the patent system to monetize broad, invalid, or inactive patents by forcing expensive settlements and licenses in lieu of lengthy litigation. Some states have appropriately taken steps to protect against these harms by discouraging bad faith assertions of infringement.

We argue that Idaho Code §48-1703 is not facially unconstitutional for three reasons. First, the Idaho statute protects its small business innovators from evidenced abuse of the U.S. patent system. Small businesses that make up a significant portion of the economy are disproportionately harmed by the anticompetitive practices that the statute seeks to prevent. Second, patent law does not facially preempt the Idaho statute. The statute contributes to Idaho's state consumer protection laws that govern where Congress has not demonstrated a clear intent to preside. Third, since the Idaho statute only targets bad faith assertions, it is not restricted by the First Amendment. The Idaho statute's requirement for establishing a showing of objective and subjective bad faith enables the state to impose liability on baseless infringement claims and avoid preemption by patent law.

## ARGUMENT

### I. IDAHO CODE §48-1703 PROTECTS SMALL BUSINESS INNOVATORS FROM EVIDENCED ABUSE OF THE UNITED STATES PATENT SYSTEM

The purpose of the U.S. patent system is to encourage technological "innovation, advancement, or social benefit" through providing a patent holder with a limited period to exclude others from their invention. U.S. CONST. art. 1,§ 8, cl. 8; 35 U.S.C. 271; *see Graham v. John Deere Co. of Kan. City*, 383 U.S. 1, 5 n.3 (1966) (citing headnote 3). This system is not without flaws. Patent enforcers often rely on the fact that many small businesses do not have the resources to evaluate the legitimacy of patent infringement claims and cannot afford to defend themselves through years of litigation, forcing them to accept licensing or settlement arrangements that greatly benefit the patent holder.

The current U.S. patent landscape creates unique difficulties for small businesses by enabling practicing and non-practicing entities (NPEs) to monetize bad patents and dimmish competition by way of third-party litigation funding from undisclosed investors. This practice led at least one federal district court to establish mandatory requirements on patent litigants to disclose unnamed entities that may have a real interest in the outcome of litigation. *See In re Nimitz Technologies LLC*, No. 2023-103 (Fed. Cir. Dec. 8, 2022). The USPTO has identified that foreign abuse of the U.S. patent system through the International

Trade Commission (ITC) and federal district courts is similarly prevalent and a large concern for U.S. stakeholders. *See* Kathi Vidal, Under Secretary of Commerce For Intellectual Property, U.S. Dep't Com., *Statement of Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office Kathi Vidal before the United States House of Representatives*, United States Patent and Trademark Office (Apr. 27, 2023), https://www.uspto.gov/about-us/news-updates/statement-under-secretary-commerce-intellectual-property-and-director-united. Against this backdrop, a study conducted between 2017 and 2022 found that over 52 percent of NPE lawsuits were filed against entities with annual revenues of less than $25 million and 61 percent of sued entities held no patents. Howard Curtis et al., *Patent Sources And Litigation Target Characteristics*, HighTech-Solutions (Feb. 24, 2023), https://lotnet.com/wp-content/uploads/2023/03/HTS-NPE-Risk-for-Pre-IPO-Companies.pdf.

The economic significance and high risk of frivolous claims of patent infringement and related litigation without mechanisms to protect small businesses results in reduced commercialization and publication of inventions from businesses that make up 43.5 percent of the U.S. economy. Office of Advocacy, *Small Businesses Generate 44 Percent Of U.S. Economic Activity*, Small Business Administration (Jan. 30, 2019), https://advocacy.sba.gov/2019/01/30/small-

businesses-generate-44-percent-of-u-s-economic-activity/. Limiting the ability for businesses to fight bad faith patent enforcement deteriorates the U.S. patent system, discourages American innovation, and shifts inflationary costs on American consumers. States, therefore, have the right and obligation to protect their resident businesses and economies against bad faith patent assertions. Thirty-three states' legislatures have enacted consumer protection statutes like the Idaho statute for similar reasons. *See* Patent Progress's Guide to State Patent Legislation, https://web.archive.org/web/20220126230744/https:/www.patentprogress.org/patent-progress-legislation-guides/patent-progresss-guide-state-patent-legislation/(last visited May 23, 2024).

## II. IDAHO CODE §48-1703 IS NOT FACIALLY PREEMPTED BY U.S. PATENT LAW

The Appellants' claim that U.S. patent law preempts Idaho Code §48-1703 is not only incorrect but disregards state sovereignty over resident businesses and consumers. There are three types of federal preemption: express, field, and conflict. U.S. Const. art. VI, cl. 2.; *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999). Appellants claim that conflict preemption exists. *See* BlueBr43-44 (citing legal standard). Of the two types of conflict preemption—impossibility and obstacle—Appellants only dispute the lower court's rejection of obstacle preemption where "state law stands as an obstacle to the accomplishment

and execution of the full purposes and objectives of Congress." *See Id*. *Amgen Inc. v. Sandoz Inc.*, 877 F.3d 1315, 1326 (Fed. Cir. 2017); *see* Mem. and Order 10, 13-18, May 3, 2023, ECF No. 27.

The analysis for preemption, particularly "in a field which the States have traditionally occupied," starts with the presumption "that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Wyeth v. Levine*, 555 U.S. 555, 565 (2009) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)). Idaho Code § 48-1701 details the legislative intent behind the statute as a contribution to Idaho's state laws against "Monopolies and Trade Practices" for which states have a long history of governing. *See California v. ARC America Corp.*, 490 U.S. 93, 101 (1989). Therefore, the presumption against federal preemption applies.

Like many states, Idaho legislators recognize that "[a]busive patent litigation … can harm Idaho companies" by way of "expensive and protracted litigation," particularly when they are based on meritless claims. Idaho Code § 48-1701(1)(d). Idaho Code § 48-1703 is narrowly tailored to identify "a bad faith assertion of patent infringement in a demand letter, a complaint or any other communication" as an "unlawful, unfair and deceptive act or practice in trade or commerce" under Idaho's consumer protection act. *Id.;* Idaho Code § 48-1703(1), (4).

The threshold to find that a state law conflicts with a federal act is high and federal preemption requires a finding that "no set of circumstances exists under which the [state][statute] would be valid." *United States v. Hansen*, 599 U.S. 762, 769 (2023) (alteration in original) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Bad faith patent assertions are not addressed in the purpose or objectives of patent law, leaving the states with the option to regulate such unfair business practices.

The Supreme Court has identified three objectives of patent law: "providing an incentive to invent, promoting the full disclosure of inventions, and ensuring that ideas in the public domain remain there" *Zenith*, 182 F.3d at 1354. The Idaho statute does not address any of these objectives and does not intend to "interfere with the good faith enforcement of patents." *Id*; Idaho Code § 48-1701(1)(c). In fact, "bad faith marketplace statements concerning patents do not further the purposes of the patent law." *Zenith*, 182 F.3d at 1354. Therefore, bad faith patent assertion statutes like Idaho Code § 48-1703 govern outside patent law where Congress does not make a clear intent to oversee.

To be sure, Appellants incorrectly state that Section 285 of the U.S. Patent Act and Rule 11 of the Federal Rules of Civil Procedure discourage bad faith similar to Idaho Code § 48-1703 because neither provision mitigate the ability for bad actors to benefit from their bad faith patent assertions. Rule 11 ensures that

parties do not make improper representations to the court. Fed. R. Civ. P. 11. We reiterate that most small businesses take a license or settle disputes out of court due to litigation being the greater of two evils. Section 285 of the U.S. Patent Act enables a court to award reasonable attorney fees to prevailing parties in "exceptional circumstance." 35 U.S.C. § 285. By the time Section 285 is applied in limited circumstances, the harm of bad faith litigation has already been done. Therefore, the Idaho statute prohibits anticompetitive threat that is distinct from the goal of Section 285 and Rule 11.

This court makes clear that state law liability can survive patent law preemption if there is a showing of "bad faith" assertion of an infringement claim. *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1375-77 (Fed. Cir. 2004). The Idaho statute requires a party seeking relief to establish both subjective and objective bad faith to overcome the federal presumption that a duly granted patent is asserted in good faith. Idaho Code § 48-1706(1); *Medtronic Navigation, Inc. v. BrainLAB Medizinische Compersysteme GmbH*, 603 F.3d 943, 954 (Fed. Cir. 2010). By contrast, neither Section 285 nor Rule 11 require a showing of bad faith. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554-556 (2014).

Facial challenges to state bad faith patent assertion laws that are similar to the Idaho statute have been rejected over time. *See NAPCO, Inc. v. Landmark*

*Tech. A, LLC*, 555 F.Supp.3d 189 (M.D.N.C. 2021); *see Landmark Tech., LLC v. Azure Pharms, Inc.*, No. 18-cv-1568, 2020 WL 1430088 (D. Or. Mar. 24, 2020); *see Washington v. Landmark Tech. A, LLC,* No. 21-cv-728, 637 F.Supp.3d 1154 (W.D. Wash. Oct. 28, 2022); *see Triple7Vaping.com, LLC v. Shipping & Transit LLC,* No. 16-cv-80855, 2017 WL 5239874 (S.D. Fla. Feb. 6, 2017). We view this trend as strong evidence that, like the other challenged state laws, the Idaho statute properly contemplates the state's authority in a way that does not conflict with patent law.

## III. IDAHO CODE §48-1703 IS NOT RESTRICTED BY THE FIRST AMENDMENT SINCE IT ONLY TARGETS BAD FAITH PATENT ASSERTIONS.

The Idaho statute, and particularly its bond requirement, is not superseded by the First Amendment because it only impacts bad faith patent assertions. The First Amendment provides that government "shall make no law . . . abridging the freedom…to petition the Government for redress of grievances…." U.S. Const. amend. I. The Supreme Court makes clear that false statements and baseless litigation do not fall within the First Amendment's protection. *BE&K Constr. Co. v. NLRB*, 536 U.S. 516, 530- 531 (2002). To be sure, under the Noerr-Pennington Doctrine, petitioners have immunity from antitrust liability for engaging in conduct, such as litigation, aimed at influencing the government. *Octane Fitness, LLC*, 572 U.S. at 555-556. An exception to this doctrine is when the petitioning is

"objectively baseless" and covers "an attempt to interfere directly with the business relationships of a competitor." *Professional Real Estate Investors, Inc.* v. *Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993).

Under Idaho Code §48-1703, a bond is applied upon "a finding by the court that a target has established a reasonable likelihood that a person has made a bad faith assertion of patent infringement." Idaho Code § 48-1707. As noted, the Idaho statute's bad faith requirement aligns with this court's analysis for determining if state law liability is preempted by patent law. Idaho Code §48-1703; *Globetrotter Software, Inc.*, 362 F.3d at 1376, n.8. While Appellants claim that the bond requirement necessitates a showing of "clear and convincing" evidence of bad faith, this standard is required for the party seeking relief to ultimately prevail on their claim, not for the district court's determination as to the lawfulness of the bond requirement. *Id*. at 1377 (citing *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002)).

The Idaho legislature identified significant harm due to objectively baseless bad faith patent infringement claims interfering with Idaho businesses for the competitive advantage of the claimant. The First Amendment nor the Noerr-Pennington Doctrine would immunize such bad faith claims asserted under the Idaho statute. In fact, such immunity would encourage the suppression of ideas, which is at the helm of a First Amendment analysis to determine the

constitutionality of a statute on its face. *Members of City Council. v. Taxpayers for Vincent*, 466 U.S. 789, 797 (1984).

## CONCLUSION

For the foregoing reasons, lower court's determination should be upheld.

Respectfully submitted,

/s/ Brian Scarpelli
BRIAN SCARPELLI
ACT | THE APP ASSOCIATION
1401 K St NW
Suite 501
Washington, D.C. 20005
(202) 331-2130

*Counsel for Amici Curiae*

May 24, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 24th day of May 2024, I filed the foregoing with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ Brian Scarpelli
BRIAN SCARPELLI
ACT | THE APP ASSOCIATION
1401 K St NW
Suite 501
Washington, D.C. 20005
(202) 331-2130

May 24, 2024

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 29(a)(4)(G) and Circuit Rule 29(b), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and Circuit Rule 32(b).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(f), the brief contains 2225 words.

2. The brief has been prepared in proportionally spaced typeface using Microsoft Office 365 Pro Plus in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ Brian Scarpelli

BRIAN SCARPELLI
ACT | THE APP ASSOCIATION
1401 K St NW
Suite 501
Washington, D.C. 20005
(202) 331-2130

May 24, 2024